OPINION
PYLE, Judge.
STATEMENT OF THE CASE
In this interlocutory appeal, Ralph Andrews ("Andrews") appeals the trial court's order finding that should his complaint against Mor/Ryde for breach of contract be successful at a future trial, the damages awarded under Indiana Code § 24-4-7-5(b), the Indiana Sales Representative Act ("the Act"), are punitive in nature, and, therefore, would be subject to the evidentiary standard, limitation, and diversion provisions of Indiana's punitive damages statute under- Indiana Code § 34-51-3-1 et seq.
We affirm.
ISSUE
Whether the damages awarded under Indiana Sales Representative Act are punitive in nature.
FACTS
Andrews is an independent sales representative who performed services on behalf of Mor/Ryde since 1996. Mor/Ryde is a manufacturer and distributor of various types of products sold internationally and throughout the Midwest. On October 31, 1996, Andrews and Mor/Ryde executed a contract making Andrews its sales agent. The contract contained a provision where either party could terminate the agreement with thirty (80) days written notice or immediately for violating the terms of the agreement. By an email dated September 29, 2008, and a letter dated October 9, 2008, Mor/Ryde notified Andrews that it was terminating the agreement. Following notice of the termination of the agreement, Andrews filed his complaint on June 9, 2009, alleging that Mor/Ryde had materially breached the agreement and had done so in an "egregious" manner. (App.26). Mor/Ryde filed its answer on June 26, 2009, denying all of the allegations. .Mor/Ryde also filed a counterclaim for overpaid commissions.
Both parties filed motions for summary judgment. In his motion for partial summary judgment, Andrews requested a finding that the Act applied to his claim. In its motion for summary judgment, Mor/ Ryde argued that the contract between it and Andrews was not binding. In the alternative, Mor/Ryde claimed that Andrews waived his claim by accepting commission payments that were less than what was specified in the contract, that Mor/ Ryde followed the provisions of the agreement as to its termination clause, and that the effective date of termination of the agreement was October 31, 2008. The trial court granted Andrews's motion for partial summary judgment and found that the Act applied to his claim. The trial court granted Mor/Ryde's motion in part, finding that Mor/Ryde complied with the termination clause of the agreement. However, its motion was denied as to whether Andrews waived his claim by accepting less in commission payments.
On July 23, 2012, Mor/Ryde filed a pleading seeking a ruling from the court that any exemplary damages awarded under the Act are punitive in nature and, therefore, would be subject to the heightened evidentiary standard and distribution procedures outlined in Indiana Code §§ 34-51-3-2 and 34-51-3-6, the punitive damages statutes After conducting a hearing, the trial court issued the following order:
IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the *796 damages available under Ind.Code § 24-4-7-5[ (b)] are punitive in nature and are, therefore, subject to the provisions of Ind.Code § 34-51-38-1, et seq. Accordingly, in order to be successful at trial in recovering damages under Ind. Code § 24-4-7-5[ (b)], Plaintiff is required to establish by clear and convine-ing evidence that Defendant acted in bad faith in failing to pay commissions due and owing, if any, under the Agreement.
(App.21). On March 15, 2013, the trial court issued an order certifying its decision for interlocutory appeal and stayed the proceedings indefinitely. This court accepted jurisdiction over this interlocutory appeal.
DECISION
Andrews claims that the trial court erred in finding that the damages awarded under the Act are punitive in nature and thus subject to the evidentiary standard, limitation, and diversion provisions of Indiana's punitive damage statute.
Interpreting a statute is a question of law, and such questions are reviewed de novo. State v. International Business Machines Corp., 964 N.E.2d 206, 209 (Ind.2012). " '[Alppellate courts need not defer to a trial court's interpretation of [a] statute's meaning"" Id. (quoting Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind.2001)). Rather, appellate courts "independently review the statute's meaning and apply it to the facts of the case under review." Id.
When interpreting an Indiana statute, the first step is to determine whether the legislature has spoken clearly and unambiguously on the point in question. St. Vincent Hosp. and Health Care Center, Inc. v. Steele, 766 N.E.2d 699, 703 (Ind. 2002). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Id. Clear and unambiguous statutory meaning leaves no room for judicial construction. Id.
Regarding the termination of a contract between a sales representative and a principal, Ind.Code § 24-4-7-5 provides the following:
(a) If a contract between a sales representative and a principal is terminated, the principal shall, within fourteen (14) days after payment would have been due under the contract if the contract had not been terminated, pay to the sales representative all commissions acerued under the contract.
(b) A principal who in bad faith fails to comply with subsection (a) shall be liable, in a civil action brought by the sales representative, for exemplary damages in an amount no more than three (8) times the sum of the commission owed to the sales representative.
In a civil action under subsection (b), a principal against whom exemplary damages are awarded shall pay the sales representative's reasonable attorney's fees and court costs. However, if judgment is entered for the principal and the court determines that the action was brought on frivolous grounds, the court shall award reasonable attorney's fees and court costs to the principal.
(Emphasis added).
Here, the language chosen by the legislature is clear and unambiguous. The term "exemplary", as it refers to damages, is defined as "punitive damages." Buack's Law Dictionary 612 (8th ed. 2004); WaEB-ster's THirp Nsw IntErnationat DictioNARY 795 (1976).
*797 Our supreme court has explained that punitive damages are a creature of common law. Cheatham v. Pohle, 789 N.E.2d 467, 471 (Ind.2008). Because no one has a vested right to punitive damages, our legislature is free to abolish or modify how punitive damages may be awarded. Id. Similar to other states, Indiana permits the fact finder to award punitive damages "and thereby inflict punishment on the defendant, but [with specific] restrictions on the amount the plaintiff may benefit from the award." Id. at 472. In addition, I.C. § 34-51-3-2 requires that "[the facts warranting punitive damages must be established by clear and convine-ing evidence." Id. Further "[this chapter applies to all cases in which a party requests the recovery of punitive damages in a civil action." IC. § 34-51-3-1. (Emphasis added).
When interpreting statutes, our goal is to determine and give effect to the intent of the legislature. Clark v. Clark 971 N.E.2d 58 (Ind.2012). We "'presume that the words were selected and employed to express their common and ordinary meanings'" Id. at 61 (quoting Porter Dev., LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind.2007)). Hence, we also presume that if the legislature intended the damages awarded under the Act to be something other than punitive in nature, it could have specifically exempted those damages from the requirements of .C. § 34-51-3-1 et seq. Therefore, when a plaintiff has alleged bad faith under the Act, the plaintiff must show bad faith by clear and convincing evidence, and any exemplary damages awarded are subject to the requirements of 1.0. § 34-51-3-1 et seq. The judgment of the trial court is affirmed.
Affirmed.
CRONE, J., coneurs.
BARNES, J., dissents with opinion.