BARNES, Judge,
dissenting.
I respectfully dissent. I do not believe the general statutes and principles governing "punitive" damages control an express statutory award of "exemplary" damages under the Indiana Sales Representative Act, even if those two words are sometimes used interchangeably.
It is true that our legislature has placed certain limitations on an award of punitive damages under Indiana Code Chapter 34-51-3-1, expressly using the word "punitive." Because punitive damages generally are a creature of the common law, the legislature is free to create, modify, or abolish the ability of plaintiffs to collect such damages. Cheatham v. Pohle, 789 N.E.2d 467, 471 (Ind.2003). Also, unlike compensatory damages, plaintiffs have no right to an award of punitive damages and a trier of fact is not required to award them, even if the evidence could have supported such an award. Id. at 472.
The damages we are addressing here, however, are not a creature of the common law. They are the creation of a specific statute, Indiana Code Section 24-4-7-5(b), which states, "A principal who in bad faith fails to comply with subsection (a) shall be liable ... for exemplary damages in an amount no more than three (8) times the sum of the commissions owed to the sales representative." (Emphasis added). Thus, unlike common law punitive damages, which are entirely discretionary, a plaintiff who proves a principal's bad faith under this section is automatically entitled to collect up to three times the sum of the commission.
It is my belief that this case is controlled by our supreme court's decision in Obremski v. Henderson, 497 N.E.2d 909 (Ind.1986). In that case, the court addressed *798 the statute authorizing an award of civil damages up to three times the amount of actual damages sustained by victims of certain crimes.[1] Among other things, the court held:
[It is also true that a plaintiff need not establish his right to recover treble damages by clear and convincing evidence. The appropriate standard is preponderance of the evidence. Our appellate courts have understood the legislature to intend that the trebling of actual damages under Ind.Code § 34-4-30-1 is mandatory. A recovery of treble damages under this section is regarded as distinct from recovery of common law punitive damages.
Obremski, 497 N.E.2d at 911 (citations omitted).
I cannot discern why a different rule should apply to an award of treble damages under the Indiana Sales Representative Act. Like the crime victims statute, an award of exemplary damages is mandatory; "shall be liable" should be construed as a mandate to award those damages. See State, Indiana Civil Rights Comm'n v. Indianapolis Newspapers, Inc., 716 N.E.2d 943, 947 (Ind.1999). The treble damages are a matter of statutory entitlement, not common law discretion. If the legislature had intended these exemplary damages to be controlled by punitive damages limitations, it could have expressly said so, but it did not. Thus, I conclude that the limitations on awards of common law punitive damages, including the requirement of proof by clear and convincing evidence, do not apply to these statutory damages.

. At the time of the Obremski decision, the relevant statute was Indiana Code Section 34-4-30-1. The crime victims treble damages statute is now codified at Indiana Code Section 34-24-3-1.