ATTORNEYS FOR APPELLANTS
Gregory F. Zoeller
Attorney General of Indiana

Thomas M. Fisher
Solicitor General

Heather H. McVeigh
Ashley T. Harwel
Jonathan R. Sichtermann
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Dale D. Pierson
Elizabeth A. LaRose
Melinda S. Hensel
IUOE Local 150 Legal Dept.
Countryside, Illinois

Marc R. Poulos
Kara M. Principe
Indiana, Illinois, Iowa
Foundation for Fair Contracting
Countryside, Illinois

Jeffrey S. Wrage
Blachly, Tabor, Bozik, & Hartman
Valparaiso, Indiana

ATTORNEYS FOR AMICI CURIAE
[see below]



# In the
# Indiana Supreme Court

### No. 45S00-1309-PL-596

GREGORY F. ZOELLER, ATTORNEY GENERAL OF THE STATE OF INDIANA AND
RICK J. RUBLE, COMMISSIONER OF THE INDIANA DEPARTMENT OF LABOR,
*Appellants (Defendants),*

v.

JAMES M. SWEENEY, DAVID A. FAGAN, CHARLES SEVERS, JAMES C. OLIVER,
BRYAN SCOFIELD, EARL CLICK JR., AND
INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150-AFL-CIO
*Appellees (Plaintiffs).*

Appeal from the Lake Superior Court, Cause No. 45D01-1305-PL-52
The Honorable John M. Sedia, Judge

**November 6, 2014**

**Dickson, Justice.**

This is a direct appeal from a trial court judgment declaring that two provisions of the
Indiana Right to Work Law, Indiana Code sections 22-6-6-8 and 22-6-6-10, violate Article 1,

Section 21 of the Indiana Constitution. The plaintiffs, Local 150 of the International Union of Operating Engineers, AFL-CIO—an exclusive-agency union—and several of its members and officers (collectively the "Union"), filed a complaint against the Attorney General of Indiana and the Commissioner of the Indiana Department of Labor (the "State"), seeking a declaratory judgment that various provisions of the Indiana Right to Work Law, Ind. Code § 22-6-6 *et seq.*, violated several parts of the Indiana Constitution. In response to the State's consolidated motion to dismiss for failure to state a cause of action, the trial court dismissed all of the Union's claims except Count I, as to which the court not only denied dismissal but also entered final judgment *sua sponte*, declaring the challenged statutory provisions unconstitutional.

The State has appealed, and because the judgment declares a state statute unconstitutional in whole or in part, this appeal falls within the mandatory and exclusive jurisdiction of the Indiana Supreme Court. Ind. Appellate Rule 4(A)(1)(b). We now reverse the trial court's denial of the motion to dismiss and its grant of declaratory judgment.

The relief granted by the trial court was limited to the Union's claim that the challenged provisions violated Section 21. As to all other claims of constitutional invalidity, the trial court did not grant relief but rather dismissed such claims. We thus restrict our analysis to the trial court's judgment as to Section 21.

Before we proceed, however, we address the Union's argument that principles of waiver and estoppel preclude some of the State's arguments. The Union purports that the State has waived these arguments "because it failed to make them in the trial court." Appellees' Br. at 28 (citing Cavens v. Zaberdac, 849 N.E.2d 526, 533 (Ind. 2006)). The State responds that the trial court's entry of declaratory judgment on the merits, rather than merely denying the State's motion to dismiss, "deprived the State of the opportunity to develop its second- and third-tier arguments in defense." Appellants' Reply Br. at 19. In Cavens, the defense counsel had an opportunity to raise an argument but sought "only a clarification" and failed to "object to the trial court's response" to preserve the issue for appeal. 849 N.E.2d at 532–33. This case is not Cavens. Here, the trial court entered final judgment *sua sponte* on the State's motion to dismiss without providing the State—which did not move for summary judgment—the opportunity to respond. *See* Ind.

2

Trial Rule 56(C).  We find no waiver.

The trial court correctly described the issue presented as one of law, not fact.  We review such questions of law *de novo* without deference to a trial court's determination.  *See* Paul Stieler Enterprises, Inc. v. City of Evansville, 2 N.E.3d 1269, 1272 (Ind. 2014) ("Whether a statute or ordinance is constitutional on its face is a question of law and we review the matter *de novo*.").  Our methodology for reviewing alleged violations of the Indiana Constitution is well-established.  Any statute challenged under the Indiana Constitution "stands before this Court 'clothed with the presumption of constitutionality until clearly overcome by a contrary showing.'" Dvorak v. City of Bloomington, 796 N.E.2d 236, 237–38 (Ind. 2003) (quoting Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996)).  The party challenging the constitutionality of a statute bears the burden of proof, and all doubts are resolved against that party and in favor of the legislature.  *Id.* at 238.  The Union requests that this Court "[d]eclare that the Indiana Right to Work [L]aw, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect as a violation of the Indiana Constitution."  Appellants' App'x at 16.  In other words, the Union seeks a general declaration that the Indiana Right to Work Law is unconstitutional on its face and thus faces a heavier burden of proof.  "When a party claims that a statute is unconstitutional on its face, the claimant assumes the burden of demonstrating that there are *no* set of circumstances under which the statute can be constitutionally applied."  Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind. 1999) (emphasis added).

Section 21 of the Indiana Bill of Rights, Article 1 of the Indiana Constitution, provides in relevant part that "[n]o person's particular services shall be demanded, without just compensation."  Ind. Const. art. 1, § 21.  To prevail on its Section 21 claim, the Union must demonstrate: (1) that it performs "particular services," (2) "on the State's demand," and (3) is entitled to "just compensation."  Bayh v. Sonnenburg, 573 N.E.2d 398, 411 (Ind. 1991); *accord* Cheatham v. Pohle, 789 N.E.2d 467, 476 (Ind. 2003) ("This provision applies only if both a 'person's particular services' are rendered and they have been 'demanded' by the State.").  The trial court reasoned—and the Union agrees—that "the effect of IC 22-6-6-8 and IC 22-6-6-10 under the current, long-standing federal labor law, is to demand particular services without just compensation," and thus violate Section 21.  Order, Appellants' App'x at 5.

3

Under current federal labor law, an exclusive-agency union must represent the interests of all employees in the unit regardless of whether they are union members; non-union members receive the same wages and other benefits negotiated by the union for its members. *See* 29 U.S.C. § 159(a) ("Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of *all* the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment . . . .") (emphasis added).

The first challenged provision of the Indiana Right to Work Law prohibits employers from requiring union membership or the payment of monies as a condition of employment:

> A person may not require an individual to:
> (1) become or remain a member of a labor organization;
> (2) pay dues, fees, assessments, or other charges of any kind or amount to a labor organization; or
> (3) pay to a charity or third party an amount that is equivalent to or a pro rata part of dues, fees, assessments, or other charges required of members of a labor organization;
> as a condition of employment or continuation of employment.

Ind. Code § 22-6-6-8. The second provision, Indiana Code section 22-6-6-10, makes the knowing or intentional violation of section 8 a Class A misdemeanor.

On appeal, the State and the Union dispute whether the challenged provisions of the Indiana Right to Work Law constitute a demand by the State for particular services under Section 21. The State argues that, literally, *state* law has not demanded the Union to do anything. The Union responds that its services are indirectly demanded by the State because the State is "charged with the knowledge of the existence of the federal law which requires unions to represent every individual employee fairly," Appellees' Br. at 23, and has enforced the federal law in state courts. The Union cites <u>Sonnenburg</u> for the proposition that "a request becomes a 'demand' when it is backed up with the use or threatened use of physical force or legal process which creates in the citizen a reasonable belief that he is not free to refuse the request.'" 573 N.E.2d at 417. <u>Sonnenburg</u>, however, did not address the question whether enforcement, by itself, could be a

4

"demand" under Article 21 but rather addressed "how coercive *the State's* request for services must be to become a 'demand.'" *Id.* (emphasis added). On the face of the Indiana Right to Work Law, there is no *state* demand for services; the law merely prohibits employers from requiring union membership or the payment of monies as a condition of employment. *See* Sweeney v. Pence, 767 F.3d 654, 666 (7th Cir. 2014).

The Union responds that the "plain language of Article 1, Section 21 does not limit claims to those involving a State demand." Appellees' Br. at 25. But in interpreting and applying provisions of the Indiana Constitution, we examine the language of the text in the context of the purpose and structure of our Constitution and case law interpreting the specific provisions. Town of St. John, 675 N.E.2d at 321. Article 1 of Indiana's Constitution, Indiana's Bill of Rights, was written to protect the liberty of Hoosiers from the reaches of their *state* government. The overall structure of Indiana's Bill of Rights as limiting state power is well-established:

> The Indiana Constitution does not grant government an absolute, limitless state power and then withdraw discrete portions of it by specific excision. The individual guarantees in our Bill of Rights merely help to highlight some of the *particular contours of the state power* as it has generally been delegated. The particular guarantees of liberty in the Indiana Bill of Rights are but concrete manifestations of the abstract *limiting principle that state power* may only be exercised to advance the peace, safety, and well-being of Hoosiers. They merely describe with greater particularity some of the personal freedoms the restriction of which would not, in the framers' view, tend to advance those permissible *state* goals.

Whittington v. State, 669 N.E.2d 1363, 1369 n.6 (Ind. 1996) (emphases added). Provisions within Article 1 limit state, not federal, power. Our case law is consistent with this interpretation. *See, e.g.*, Meredith v. Pence, 984 N.E.2d 1213, 1226 (Ind. 2013); Whittington, 669 N.E.2d at 1368–69. "Because it is *federal* law that provides a duty of fair representation, Indiana's right-to-work statute does not 'take' property from the Union . . . ." Sweeney, 767 F.3d at 666 (emphasis in original). In sum, Article 21 requires just compensation when the *state* demands particular services, not when the federal government does so.

The State further argues that, in any event, there is no demand for services at all because the Union can choose not to be an exclusive-agency union and become a members only union. The Union responds that "[c]hoosing to represent members-only bargaining units is not an option

5

under the [National Labor Relations Act]" because the "[National Labor Relations Board] will not process a representation petition by a union seeking a members-only bargain unit" and "a union that proposes to represent a minority of the bargaining unit has no remedy if the employer refuses to bargain with it." Appellees' Br. at 32, 34. We disagree. The Union's federal obligation to represent all employees in a bargaining unit is optional; it occurs only when the union elects to be the exclusive bargaining agent, for which it is justly compensated by the right to bargain exclusively with the employer. *See* 29 U.S.C. § 158(a) ("It shall be an unfair labor practice for an employer . . . (5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title."); Sweeney, 767 F.3d at 666 ("The duty of fair representation is therefore a 'corresponding duty' imposed in exchange for the powers granted to the Union as to an exclusive representative.").

## Conclusion

We conclude that Indiana Code sections 22-6-6-8 and 22-6-6-10 in the Indiana Right to Work Law do not violate Article 1, Section 21 of the Indiana Constitution. Any compulsion to provide services does not constitute a demand made by the State of Indiana. We reverse the trial court's entry of declaratory judgment and its denial of the defendants' motion to dismiss.

Rush, C.J., and David and Massa, JJ., concur.
Rucker, J., concurs in result with separate opinion.

**Rucker, Justice concurring in result.**

I concur in the result reached by the majority. I write separately to emphasize the significance of the Union seeking "a general declaration that the Indiana Right to Work Law is unconstitutional on its face . . . ." Slip op. at 3. As the majority points out, "[w]hen a party claims that a statute is unconstitutional *on its face*, the claimant assumes the burden of demonstrating that there are *no* set of circumstances under which the statute can be constitutionally applied." Id. (emphasis added) (quoting Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind. 1999)).

This case was decided on the strength of the Union's complaint alone. No testimony or documents were introduced into evidence. More precisely the Union filed its complaint seeking declaratory and injunctive relief alleging that the "Right to Work Law" violated various provisions of the Indiana Constitution. Without responding to the merits of the complaint by way of answer, the State moved to dismiss the complaint under the provision of Indiana Trial Rule 12(B)(6) for "[f]ailure to state a claim upon which relief can be granted." A motion under this rule "tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." Trail v. Boys and Girls Clubs of Nw. Ind., 845 N.E.2d 130, 134 (Ind. 2006). By denying the State's motion to dismiss that portion of the Union's complaint alleging the Right to Work Law violated Article 1, Section 21 of the Indiana Constitution the trial court necessarily concluded that on the face of the complaint, the Union may be entitled to relief. See King v. S.B., 837 N.E.2d 965, 966 (Ind. 2005) (noting that in ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in its favor). Hence, the denial of the State's motion at this juncture was unproblematic. But, a declaration that the statute is unconstitutional required additional factual development and legal argument. The parties nevertheless proceeded on appeal by arguing the merits of the constitutionality question on the present record.

The Right to Work statute provides that the terms of union contracts in effect on March 14, 2012 remain valid. See Ind. Code § 22-6-6-13. On this ground, under the procedural

circumstances here, the Union's facial constitutional challenge must fail. This is because there exists at least one "circumstance[] under which the statute can be constitutionally applied." Baldwin, 715 N.E.2d at 337; see also Citizens Nat'l Bank of Evansville v. Foster, 668 N.E.2d 1236, 1242 (Ind. 1996) (noting that a facial challenge "demands a sweeping pronouncement of the statute['s] constitutionality regardless of the factual setting").

What is not at stake in this case is an "as applied" constitutional challenge to the statute. Unlike the heavy burden placed on a party seeking to challenge a statute on its face, an "as-applied" constitutional challenge asks "only that the reviewing court declare the challenged statute or regulation unconstitutional *on the facts of the particular case*." Dowdell v. City of Jeffersonville, 907 N.E.2d 559, 564 (Ind. Ct. App. 2009) (emphasis added), trans. denied (quoting Sanjour v. E.P.A., 56 F.3d 85, 92, n.10 (D.C. Cir. 1995)). And here the Union has not attempted to demonstrate that under the particular circumstances presented in this case it has been deprived of compensation by operation of the Right to Work Law.

The National Labor Relations Act and subsequent federal legislation permit employees to unionize and provide a mechanism for a particular union to serve as the exclusive representative of all employees on the vote of a majority of employees in a bargaining unit. This is termed "exclusive representation." See 29 U.S.C. § 159(a). The benefit of "exclusive representation" to unions and the people they represent is that federal law *compels* employers to "bargain" with that union. See 29 U.S.C. § 158(a)(5). But the federal Act also requires that when a majority of employees in a "bargaining unit" have elected a union to bargain for them (and the union thus gains the benefit of exclusive representation) that union must represent (and bear the cost of representing) all employees, not just the majority. See 29 U.S.C. § 159(a). This is commonly referred to as a union's duty of "fair representation." But the parties here vigorously dispute whether it is legally possible for a union to operate as something other than an exclusive representation union, and thus avoid the duty of fair representation and its concomitant costs. See Br. of Appellants at 24-28; Br. of Appellees at 32-35. Here, the Union has not attempted to demonstrate that the Right to Work Law operates in such a way as to have actually eliminated or reduced its compensation from dues or "fair share" payments. Nor has the Union shown that

2

upon expiration of a valid union security agreement, it was unable to operate in a manner that would allow the Union to charge all of its members for the services the Union provided them.

In essence there may very well exist a set of facts and circumstances that if properly presented and proven could demonstrate that a union has actually been deprived of compensation for particular services by application of the Right to Work Law.  And thus as to that union the statute would be unconstitutional as applied.  However, this is not that case.

AMICI CURIAE

THE INDIANA LEGAL FOUNDATION

Charles B. Baldwin
Todd M. Nierman
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Indianapolis, Indiana


AMICUS CURIAE BRIEF OF PROFESSOR KENNETH G. DAU-SCHMIDT

Kenneth G. Dau-Schmidt
Professor of Law
Indiana University Maurer School of Law
Bloomington, Indiana

Kenneth B. Elwood
Rhame & Elwood
Portage, Indiana


BRIEF OF AMICI CURIAE JULIE HUFFMAN, MICHAEL MILLER, AND THE NATIONAL FEDERATION OF INDEPENDENT BUSINESS SMALL BUSINESS LEGAL CENTER

Keith E. White
Barnes & Thornburg LLP
Indianapolis, Indiana

Adam L. Bartrom
Barnes & Thornburg LLP
Fort Wayne, Indiana

Jonathan A. Watson
Passaro, Kahne & Taylor
Benton Harbor, Michigan

Milton L. Chappell
National Right to Work Legal Defense Foundation, Inc.
Springfield, Virginia


BRIEF OF AMICUS CURIAE INDIANA STATE BUILDING AND CONSTRUCTION TRADES COUNCIL

Neil E. Gath
Fillenwarth Dennerline Groth & Towe, LLP
Indianapolis, Indiana


BRIEF OF AMICUS CURIAE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION

Jeffrey A. Macey
Richard J. Swanson
Macey Swanson and Allman
Indianapolis, Indiana