ATTORNEYS FOR APPELLANTS
David W. Craig
Scott A. Faultless
Krysten Lester-LeFavour
Craig Kelley & Faultless
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Richard P. Samek
Diana C. Bauer
Carson Boxberger LLP
Fort Wayne, Indiana

FILED

_Kevin S. Smith_

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 01S02-1112-CT-690

ROBERT L. CLARK, JR. AND
DEBRA CLARK,                                          *Appellants (Plaintiffs below),*

v.

ROBERT L. CLARK, SR.,                                *Appellee (Defendant below).*

Appeal from the Adams Circuit Court, No. 01C01-0811-CT-16
The Honorable Frederick A. Schurger, Judge

On Transfer from the Indiana Court of Appeals, No. 01A02-1007-CT-759

**July 23, 2012**

**Dickson, Chief Justice.**

The Indiana Guest Statute prevents certain designated passengers from recovering damages for injuries resulting from the ordinary negligence of the motor vehicle operator, where such passenger was "being transported without payment *in or upon* the motor vehicle." Ind. Code § 34-30-11-1 (emphasis added). We hold that, as to injuries inflicted when such a passenger has exited the vehicle and is standing outside of it and directing the driver's attempt to park, the passenger is not "in or upon" the vehicle and thus is not precluded from bringing a negligence action against the driver.

Both parties moved for summary judgment seeking a determination of the applicability of the Guest Statute, and the trial court ruled in favor of Senior. The Court of Appeals reversed, in an unpublished opinion, Clark v. Clark, No. 01A02-1007-CT-759, 2011 WL 2848178 (Ind. Ct. App. July 19, 2011). We granted transfer and now hold that the Indiana Guest Statute does not bar the plaintiffs' suit.

The relevant facts are not disputed. On September 5, 2007, Robert Clark, Jr., age 46, was travelling as a passenger in a motor vehicle operated by his father, Robert Clark, Sr. When they arrived at their destination, the son exited the vehicle and walked to a point several feet in front of the vehicle and began motioning for his father to drive forward into a parking space. Once the vehicle had pulled in, the son raised his hand to signal his father to stop. Instead of depressing the brake pedal, the father's foot hit the accelerator, causing the vehicle to pin his son between his vehicle and the next vehicle and resulting in significant leg injuries to his son. Robert, Jr. and his wife Debra, as plaintiffs, brought this damage action alleging negligence by the defendant, Robert, Sr.

The defendant driver asserted the Indiana Guest Statute as an affirmative defense, and the parties each filed competing motions for summary judgment upon this issue. The trial court held that the Guest Statute was applicable to the facts and granted summary judgment to the driver. The Court of Appeals reversed in a divided opinion. Clark, 2011 WL 2848178, at *3. Writing the lead opinion, Judge May found dispositive the defendant's factual admission that "[his son] was not 'in or upon' the vehicle." *Id.* Separately concurring, Judge Vaidik noted that, even without the admissions, the phrase "in or upon" is unambiguous and does not apply to the plaintiff who had exited the vehicle and was standing in front of it when struck, citing C.M.L. ex rel. Brabant v. Republic Servs., Inc., 800 N.E.2d 200 (Ind. Ct. App. 2003), *trans. denied. Id.* at *5. Chief Judge Robb dissented, urging that "in and upon" should be not be interpreted literally but rather consistent with KLLM, Inc. v. Legg, 826 N.E.2d 136 (Ind. Ct. App. 2005), *trans. denied. Id.* at *3–4. We granted transfer to address the conflict of authority.[1]

---

[1] The plaintiffs do not assert, and thus we do not address, any claim that the statute violates Article 1, Section 12 of the Indiana Constitution, which declares in part that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Such a claim was previously presented and rejected with respect to a former version of the Guest Statute in Sidle v. Majors,

In reviewing a grant of summary judgment, the appellate court "faces the same issues that were before the trial court, and analyzes them in the same way." Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999). Where the challenge to the trial court's summary judgment presents only legal issues, not factual ones, the issues are reviewed *de novo*. Spangler v. Bechtel, 958 N.E.2d 458, 461 (Ind. 2011). The Indiana Guest Statute provides:

> The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
> > (1) the person's parent;
> > (2) the person's spouse;
> > (3) the person's child or stepchild;
> > (4) the person's brother;
> > (5) the person's sister; or
> > (6) a hitchhiker;
>
> resulting from the operation of the motor vehicle *while* the parent, spouse, child or stepchild, brother, sister, or hitchhiker was *being transported* without payment *in or upon the motor vehicle* unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.

Ind. Code § 34-30-11-1 (emphasis added). The Indiana Guest Statute altered the common law duty a motor vehicle driver owes to certain passengers. Stephenson v. Ledbetter, 596 N.E.2d 1369, 1372 (Ind. 1992). The defendant contends that, in the context of the Guest Statute, the meaning of "upon" is ambiguous and that it should be understood to mean that "as long as the guest has a sufficient relationship to the vehicle, the guest is upon the vehicle for purposes of the Statute." Appellee's Br. at 7.


"In the interpretation of statutes, our goal is to determine and give effect to the intent of the legislature in promulgating it." Porter Dev., LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775, 778 (Ind. 2007). But in determining the intent of the legislature, we look first to the statutory language chosen by the legislature and we presume that the words "were selected and employed to express their common and ordinary meanings." *Id.* "Where the statute is unambig-

---

264 Ind. 206, 341 N.E.2d 763 (1976). While not reanalyzing this constitutional issue in the present case, we take this opportunity to disapprove certain unfortunate language in Sidle which we find to undermine and misstate well-established important values and principles of Indiana and American jurisprudence. The Sidle opinion speculated with approval that "a very likely legislative policy" may have been "protection against the 'benevolent thumb syndrome'" and "the 'Robin Hood' proclivity of juries." *Id.* at 218–20, 341 N.E.2d at 771–72. Such language improperly mischaracterizes the conscientious, insightful, and reliable efforts of those who serve as jurors. It has no proper place in our jurisprudence.

uous, the Court will read each word and phrase in this plain, ordinary, and usual sense, without having to resort to rules of construction to decipher meanings." *Id.*; *accord* Loparex, LLC v. MPI Release Techs., LLC, 964 N.E.2d 806, 817 (Ind. 2012); McCabe v. Comm'r, Ind. Dep't of Ins., 949 N.E.2d 816, 819 (Ind. 2011). Furthermore, a statute in derogation of the common law must be strictly construed. Loparex, 964 N.E.2d at 817; Hinshaw v. Bd. of Comm'rs, 611 N.E.2d 637, 639 (Ind. 1993). "We will presume that the legislature is aware of the common law and intends to make no change therein beyond its declaration either by express terms or unmistakable implication." Hinshaw, 611 N.E.2d at 639.

We find the language of the Guest Statute to be unambiguous. *See* C.M.L., 800 N.E.2d at 209 (reaching the same conclusion). The Guest Statute states that the operator of a motor vehicle may not be held liable for injuries negligently caused to a close family member or hitchhiker when those injuries are incurred "*while* the [close family member] or hitchhiker was *being transported* without payment *in or upon* the motor vehicle." Ind. Code § 34-30-11-1 (emphasis added). The word "upon," both at the time it was originally added to the Guest Statute, *see* Act of Mar. 11, 1937, ch. 259, § 1, 1937 Ind. Acts 1229, and when the statute was most recently amended, *see* Pub. L. 68-1984, 1984 Ind. Acts 925, should be given its literal meaning: "[u]p and on" or simply "on." The New Century Dictionary 2112 (1929); American Heritage Dictionary 1328 (2d college ed. 1985). Being "in or upon the motor vehicle" thus connotes a physical connection to or contact with the vehicle, such as being "in" a car or "upon" a motorcycle or truck-bed.[2] This understanding is consistent with the statute's further limiting phrase, "while [the guest] was being transported." Ind. Code § 34-30-11-1. Thus, if the injury is sustained at a time when a passenger is in mere physical contact with the motor vehicle but standing outside of or off of it or at a time when the passenger is not being "transported" by the vehicle, then the Indiana Guest Statute does not bar a passenger's damage action against the driver.[3]

In the present case, the defendant urges that his son "was 'in or upon' [the father's] vehicle

---

[2] These examples also explain the use of the disjunctive "or," which suggests that the General Assembly had different types of motor vehicles in mind when designating that the guest must be "in or upon the motor vehicle." *See* Ind. Code § 34-30-11-1.

[3] Because we find the Guest Statute to be unambiguous with respect to the meaning of "in or upon," the holding to the contrary in KLLM, Inc. v. Legg, 826 N.E.2d 136 (Ind. Ct. App. 2005), *trans. denied*, is disapproved.

when the accident occurred, even though [the son] was actually outside the vehicle at the time of injury." Appellee's Br. at 7. But the Guest Statute, as a statute in derogation of the common law, must be strictly construed, *see* Stephenson, 596 N.E.2d at 1372, and its unambiguous language belies such an expansive reading. It is undisputed that, when the defendant depressed the accelerator instead of the brake, his son was standing outside the vehicle and was not being transported at that time. Thus, the Guest Statute does not bar the plaintiffs' claims.

## Conclusion

The "in or upon" language of the unambiguous Indiana Guest Statute must be given its plain and ordinary meaning and does not apply to persons who may have been passengers but who, at the time of their injury, had exited the vehicle and were not actually being transported by it. Under the agreed facts of this case, the Guest Statute does not bar the plaintiffs' claims. We reverse the judgment of the trial court and remand for denial of the defendant's motion for summary judgment and granting of the plaintiffs' motion for partial summary judgment.

Rucker and David, JJ., concur.
Sullivan and Massa, JJ., dissent, and would affirm the trial court's grant of summary judgment in favor of Senior, believing the analysis of KLLM, Inc. v. Legg, 826 N.E.2d 136 (Ind. Ct. App. 2005), trans. denied, and of Chief Judge Robb in this case, Clark v. Clark, No. 01A02-1007-CT-759, 2011 WL 2848178 at *3-5 (Ind. Ct. App. July 19, 2011) (Robb, C.J., dissenting), to have been correct.