**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**ROBERT T. SANDERS, III**
Sanders Pianowski, LLP
Elkhart, Indiana

ATTORNEYS FOR APPELLEES:

**GLENN L. DUNCAN**
**LISA GILKEY SCHOETZOW**
Thorne Grodnik, LLP
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RALPH ANDREWS, | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1303-PL-141 |
| | ) | |
| MOR/RYDE INTERNATIONAL, INC., | ) | |
| | ) | |
| Appellees/Defendants. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0908-PL-55

**January 29, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

In this interlocutory appeal, Ralph Andrews ("Andrews") appeals the trial court's order finding that should his complaint against Mor/Ryde for breach of contract be successful at a future trial, the damages awarded under Indiana Code § 24-4-7-5(b), the Indiana Sales Representative Act ("the Act"), are punitive in nature, and, therefore, would be subject to the evidentiary standard, limitation, and diversion provisions of Indiana's punitive damages statute under Indiana Code § 34-51-3-1 et seq.

We affirm.

## ISSUE

Whether the damages awarded under Indiana Sales Representative Act are punitive in nature.

## FACTS

Andrews is an independent sales representative who performed services on behalf of Mor/Ryde since 1996. Mor/Ryde is a manufacturer and distributor of various types of products sold internationally and throughout the Midwest. On October 31, 1996, Andrews and Mor/Ryde executed a contract making Andrews its sales agent. The contract contained a provision where either party could terminate the agreement with thirty (30) days written notice or immediately for violating the terms of the agreement. By an email dated September 29, 2008, and a letter dated October 9, 2008, Mor/Ryde notified Andrews that it was terminating the agreement. Following notice of the termination of the agreement, Andrews filed his complaint on June 9, 2009, alleging that Mor/Ryde had materially breached the agreement and had done so in an "egregious"

2

manner. (App. 26). Mor/Ryde filed its answer on June 26, 2009, denying all of the allegations. Mor/Ryde also filed a counterclaim for overpaid commissions.

Both parties filed motions for summary judgment. In his motion for partial summary judgment, Andrews requested a finding that the Act applied to his claim. In its motion for summary judgment, Mor/Ryde argued that the contract between it and Andrews was not binding. In the alternative, Mor/Ryde claimed that Andrews waived his claim by accepting commission payments that were less than what was specified in the contract, that Mor/Ryde followed the provisions of the agreement as to its termination clause, and that the effective date of termination of the agreement was October 31, 2008. The trial court granted Andrews's motion for partial summary judgment and found that the Act applied to his claim. The trial court granted Mor/Ryde's motion in part, finding that Mor/Ryde complied with the termination clause of the agreement. However, its motion was denied as to whether Andrews waived his claim by accepting less in commission payments.

On July 23, 2012, Mor/Ryde filed a pleading seeking a ruling from the court that any exemplary damages awarded under the Act are punitive in nature and, therefore, would be subject to the heightened evidentiary standard and distribution procedures outlined in Indiana Code §§ 34-51-3-2 and 34-51-3-6, the punitive damages statutes. After conducting a hearing, the trial court issued the following order:

> IT IS THEREFORE, **ORDERED, ADJUDGED, AND DECREED** that the damages available under Ind. Code § 24-4-7-5[(b)] are punitive in nature and are, therefore, subject to the provisions of Ind. Code § 34-51-3-1, *et. seq*. Accordingly, in order to be successful at trial in recovering damages under Ind. Code § 24-4-7-5[(b)], Plaintiff is required to establish

3

by clear and convincing evidence that Defendant acted in bad faith in failing to pay commissions due and owing, if any, under the Agreement.

(App. 21). On March 15, 2013, the trial court issued an order certifying its decision for interlocutory appeal and stayed the proceedings indefinitely. This court accepted jurisdiction over this interlocutory appeal.

## DECISION

Andrews claims that the trial court erred in finding that the damages awarded under the Act are punitive in nature and thus subject to the evidentiary standard, limitation, and diversion provisions of Indiana's punitive damage statute.

Interpreting a statute is a question of law, and such questions are reviewed de novo. *State v. International Business Machines Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). "'[A]ppellate courts need not defer to a trial court's interpretation of [a] statute's meaning.'" *Id.* (quoting *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 942 (Ind. 2001)). Rather, appellate courts "independently review the statute's meaning and apply it to the facts of the case under review." *Id.*

When interpreting an Indiana statute, the first step is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 703 (Ind. 2002). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.* Clear and unambiguous statutory meaning leaves no room for judicial construction. *Id.*

4

Regarding the termination of a contract between a sales representative and a principal, Ind. Code § 24-4-7-5 provides the following:

(a) If a contract between a sales representative and a principal is terminated, the principal shall, within fourteen (14) days after payment would have been due under the contract if the contract had not been terminated, pay to the sales representative all commissions accrued under the contract.

(b) A principal who in bad faith fails to comply with subsection (a) shall be liable, in a civil action brought by the sales representative, for *exemplary damages* in an amount no more than three (3) times the sum of the commission owed to the sales representative.

(c) In a civil action under subsection (b), a principal against whom *exemplary damages* are awarded shall pay the sales representative's reasonable attorney's fees and court costs. However, if judgment is entered for the principal and the court determines that the action was brought on frivolous grounds, the court shall award reasonable attorney's fees and court costs to the principal.

(Emphasis added).

Here, the language chosen by the legislature is clear and unambiguous. The term "exemplary", as it refers to damages, is defined as "punitive damages." BLACK'S LAW DICTIONARY 612 (8th ed. 2004); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 795 (1976).

Our supreme court has explained that punitive damages are a creature of common law. *Cheatham v. Pohle*, 789 N.E.2d 467, 471 (Ind. 2003). Because no one has a vested right to punitive damages, our legislature is free to abolish or modify how punitive damages may be awarded. *Id.* Similar to other states, Indiana permits the fact finder to award punitive damages "and thereby inflict punishment on the defendant, but [with specific] restrictions on the amount the plaintiff may benefit from the award." *Id.* at 472.

5

In addition, I.C. § 34-51-3-2 requires that "[t]he facts warranting punitive damages must be established by clear and convincing evidence." *Id.* Further "[t]his chapter applies to *all* cases in which a party requests the recovery of punitive damages in a civil action." I.C. § 34-51-3-1. (Emphasis added).

When interpreting statutes, our goal is to determine and give effect to the intent of the legislature. *Clark v. Clark*, 971 N.E.2d 58 (Ind. 2012). We "'presume that the words were selected and employed to express their common and ordinary meanings.'" *Id.* at 61 (quoting *Porter Dev., LLC v. First Nat'l Bank of Valparaiso*, 866 N.E.2d 775, 778 (Ind. 2007)). Hence, we also presume that if the legislature intended the damages awarded under the Act to be something other than punitive in nature, it could have specifically exempted those damages from the requirements of I.C. § 34-51-3-1 et. seq. Therefore, when a plaintiff has alleged bad faith under the Act, the plaintiff must show bad faith by clear and convincing evidence, and any exemplary damages awarded are subject to the requirements of I.C. § 34-51-3-1 et. seq. The judgment of the trial court is affirmed.

Affirmed.

CRONE, J., concurs.

BARNES, J., dissents with opinion.

6

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RALPH ANDREWS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1303-PL-141 |
| | ) | |
| MOR/RYDE INTERNATIONAL, INC | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

**BARNES, Judge, dissenting**

I respectfully dissent. I do not believe the general statutes and principles governing "punitive" damages control an express statutory award of "exemplary" damages under the Indiana Sales Representative Act, even if those two words are sometimes used interchangeably.

It is true that our legislature has placed certain limitations on an award of punitive damages under Indiana Code Chapter 34-51-3, expressly using the word "punitive." Because punitive damages generally are a creature of the common law, the legislature is free to create, modify, or abolish the ability of plaintiffs to collect such damages. Cheatham v. Pohle, 789 N.E.2d 467, 471 (Ind. 2003). Also, unlike compensatory

7

damages, plaintiffs have no right to an award of punitive damages and a trier of fact is not required to award them, even if the evidence could have supported such an award. Id. at 472.

The damages we are addressing here, however, are not a creature of the common law. They are the creation of a specific statute, Indiana Code Section 24-4-7-5(b), which states, "A principal who in bad faith fails to comply with subsection (a) shall be liable . . . for exemplary damages in an amount no more than three (3) times the sum of the commission owed to the sales representative." (Emphasis added). Thus, unlike common law punitive damages, which are entirely discretionary, a plaintiff who proves a principal's bad faith under this section is automatically entitled to collect up to three times the sum of the commission.

It is my belief that this case is controlled by our supreme court's decision in Obremski v. Henderson, 497 N.E.2d 909 (Ind. 1986). In that case, the court addressed the statute authorizing an award of civil damages up to three times the amount of actual damages sustained by victims of certain crimes.[1] Among other things, the court held:

> [I]t is also true that a plaintiff need not establish his right to recover treble damages by clear and convincing evidence. The appropriate standard is preponderance of the evidence. Our appellate courts have understood the legislature to intend that the trebling of actual damages under Ind.Code § 34-4-30-1 is mandatory. A recovery of treble damages under this section is regarded as distinct from recovery of common law punitive damages.

Obremski, 497 N.E.2d at 911 (citations omitted).

---

[1] At the time of the Obremski decision, the relevant statute was Indiana Code Section 34-4-30-1. The crime victims treble damages statute is now codified at Indiana Code Section 34-24-3-1.

I cannot discern why a different rule should apply to an award of treble damages under the Indiana Sales Representative Act. Like the crime victims statute, an award of exemplary damages is mandatory; "shall be liable" should be construed as a mandate to award those damages. See State, Indiana Civil Rights Comm'n v. Indianapolis Newspapers, Inc., 716 N.E.2d 943, 947 (Ind. 1999). The treble damages are a matter of statutory entitlement, not common law discretion. If the legislature had intended these exemplary damages to be controlled by punitive damages limitations, it could have expressly said so, but it did not. Thus, I conclude that the limitations on awards of common law punitive damages, including the requirement of proof by clear and convincing evidence, do not apply to these statutory damages.