

FILED

Sep 11 2015, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

W. Brent Threlkeld
Kelly A. Roth
Threlkeld & Associates
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sheila Sasso and Mary Sasso, *Appellants-Defendants,* v. State Farm Mutual Automobile Insurance Company, *Appellee-Plaintiff.* | September 11, 2015 Court of Appeals Case No. 54A05-1411-PL-527 Appeal from the Montgomery Superior Court The Honorable David A. Ault, Judge Case No. 54D01-1308-PL-637 |

**Najam, Judge.**

## Statement of the Case

[1]  Sheila Sasso appeals the trial court's entry of summary judgment for State Farm Mutual Automobile Insurance Company ("State Farm") on State Farm's complaint for declaratory judgment. Sheila presents several issues for our review, which we consolidate and restate as the following two issues:

1. Whether Indiana's Guest Statute, Indiana Code Section 34-30-11-1 (2014),[1] prohibits Sheila's negligence claim against her mother, Mary Sasso, for Sheila's injuries arising from an automobile accident in Mary's car while Mary was driving.

2. Whether the Guest Statute violates the Fourteenth Amendment to the United States Constitution[2] or Article 1, Sections 12 and 23 of the Indiana Constitution.[3]

We affirm.[4]

## Facts and Procedural History

In October of 2010, Sheila, an Illinois resident, called her mother, Mary,[5] to determine whether she would be interested in visiting the Parke County, Indiana, covered bridge festival. Sheila hoped to "meet vendors" for her online business, which was "similar to e[B]ay" but "not [an] auction." Appellant's App. at 126. Mary, a resident of Crawfordsville, Indiana, agreed.

---

[1] In 1998, the Guest Statute was recodified and amended to no longer refer broadly to all "guests" of an automobile's operator. Nonetheless, the current version of the statute is still referred to as "the Indiana Guest Statute." *See, e.g.*, *Clark v. Clark*, 971 N.E.2d 58, 60 (Ind. 2012).

[2] Specifically, Sheila asserts that the Guest Statute violates her right under the Fourteenth Amendment to not be denied equal protection of the laws. *See* U.S. Const. amend. XIV § 1.

[3] Article 1, Section 12 provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." And Article 1, Section 23 states: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

[4] Because we dispose of this appeal under Indiana's Guest Statute, we need not address the parties' alternative arguments regarding whether Sheila was excluded from coverage under the terms of Mary's policy with State Farm.

[5] Mary is a named defendant in the trial court but she does not participate in this appeal.

Sheila met up with Mary on October 14, and, the next day, Mary drove Sheila in Mary's car to the festival. Sheila paid Mary $50 for gas and bought Mary lunch. Later, while Mary was driving to another location at the festival, her vehicle was involved in an accident, and Sheila was severely injured. Mary has an automobile insurance policy with State Farm.

On October 15, 2012, Sheila filed a negligence claim against Mary. Thereafter, State Farm, under a different cause number, filed a complaint for declaratory judgment against Sheila and Mary. On August 4, 2014, State Farm moved for summary judgment on its complaint. Following a hearing, the trial court entered judgment in favor of State Farm. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

Our standard of review for summary judgment appeals is well established. As our supreme court has stated:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*).

[7]   Summary judgment is a "high bar" for the moving party to clear in Indiana. *Id.* at 1004. "In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof [at trial] lacks evidence on a necessary element, we impose a more onerous burden: to affirmatively 'negate an opponent's claim.'" *Id.* at 1003 (quoting *Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)). Further:

Summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist. But it is also a "blunt . . . instrument" by which the non-prevailing party is prevented from having his day in court. We have therefore cautioned that summary judgment is not a summary trial and the Court of Appeals has often rightly observed that it is not appropriate merely because the non-movant appears unlikely to prevail at trial. In essence, Indiana consciously errs on the side

of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.

*Id.* at 1003-04 (citations and some quotations omitted; omission original to *Hughley*). Thus, for the trial court to grant summary judgment, the movant must have made a prima facie showing that its designated evidence negated an element of the nonmovant's claims, and, in response, the nonmovant must have failed to designate evidence to establish a genuine issue of material fact. *See Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009).

### Issue One: Applicability of Indiana's Guest Statute

[8] We first address whether Sheila's negligence claim against Mary is prohibited by Indiana's Guest Statute, Indiana Code Section 34-30-11-1. That statute provides as follows:

> The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
>
> (1) the person's parent;
> (2) the person's spouse;
> (3) the person's child or stepchild;
> (4) the person's brother;
> (5) the person's sister; or
> (6) a hitchhiker;
>
> resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister, or hitchhiker was being *transported without payment* in or upon the motor vehicle unless the injuries or death are caused by the wanton or

>    willful misconduct of the operator, owner, or person responsible
>    for the operation of the motor vehicle.

(Emphasis added.)

[9] According to Sheila, the Guest Statute does not prohibit her claim against Mary because "Sheila did pay for gas. That 'payment' is sufficient to remove her from" the purview of the Guest Statute.[6] Appellant's Br. at 5. That is, Sheila asserts that she is not within the scope of the Guest Statute because she was not "transported without payment." *See* I.C. § 34-30-11-1.

[10] Sheila is mistaken. This provision of the Guest Statute has long been interpreted to require that the motor-vehicle operator be "directly compensated . . . in a substantial and material or business sense[,] as distinguished from [a] mere social benefit or nominal or incidental contribution to expenses[] of the trip." *Allison v. Ely*, 241 Ind. 248, 254, 170 N.E.2d 371, 374 (1960). As this court has added, "[t]o exclude from the Guest Statute cases of this nature where groups of friends or relatives make arrangements or travel together, consideration must be given by the guest in excess of expenses incidental to the trip." *Knuckles v. Elliott*, 141 Ind. App. 232, 239, 227 N.E.2d 179, 183 (1967). In *Allison*, our supreme court held that, as a matter of law, "[t]he purchase of a few gallons of gasoline . . . d[oes] not constitute 'payment'" under the Guest Statute. 170 N.E.2d at 377. And, in *Knuckles*, we held—again,

---

[6] Sheila has not alleged that her injuries were the result of wanton or willful misconduct on the part of Mary.

as a matter of law—that paying "for some of the gasoline on the trip and . . . for food" also does not constitute a payment under the Guest Statute. 227 N.E.2d at 180.

Sheila's argument on appeal is contrary to our long-standing interpretation of this statutory language. And while the Guest Statute has been amended since *Allison* and *Knuckles*, the provision that there is no liability when the guest is "transported without payment" has remained intact. *See Allison*, 170 N.E.2d at 373 (quoting the version of the Guest Statute then in effect). Accordingly, as a matter of law Sheila's contribution of gas and food is equivalent to being "transported without payment," and Mary is not liable to Sheila.

### Issue Two: Constitutionality of Indiana's Guest Statute

Sheila also asserts that the Guest Statute violates the United States and Indiana Constitutions. Specifically, Sheila asserts that the Guest Statute violates her federal right to equal protection of the laws, U.S. Const. amend. XIV; her state right to open courts, Ind. Const. art. 1, § 12; and her state right to equal privileges and immunities, Ind. Const. art. 1, § 23. We address each argument in turn. We then consider other, more general arguments Sheila raises on appeal.

### A. Fourteenth Amendment

We first consider Sheila's federal argument. Despite misgivings about the validity of the prior version of Indiana's Guest Statute under the Equal

Protection Clause, the United States Court of Appeals for the Seventh Circuit has explained:

> Nevertheless a recent [U.S.] Supreme Court decision requires us to reach a contrary result. In *Cannon v. Oviatt* . . . the Supreme Court of Utah rejected an equal protection challenge to a guest statute virtually identical to Indiana's. The appeal to the United States Supreme Court presented the question whether the guest statute violated the equal protection clause because it barred recovery for ordinary negligence. *See* 43 L.W. 3103. The Court dismissed the appeal for want of a substantial federal question.[7] *Cannon v. Oviatt*, 419 U.S. 810, 95 S. Ct. 24, 42 L. Ed. 2d 37. Although that ruling is not a plenary consideration of this significant current topic in tort law, it is an adjudication on the merits. *Hicks v. Miranda*, 422 U.S. 332, 344-345, 95 S. Ct. 2281, 2289-90, 45 L. Ed. 2d 223, 236. Therefore, despite our doubts . . . we are obligated to affirm. *Hicks v. Miranda*, *supra*, 422 U.S. at 345, 95 S. Ct. at 2290, 45 L. Ed. 2d at 236.

*Sidle v. Majors*, 536 F.2d 1156, 1159-60 (7th Cir. 1976).[8] Accordingly, as explained by the Seventh Circuit, we are obliged to follow the United States Supreme Court and to reject Sheila's argument under the Fourteenth Amendment.

---

[7] This is not to be confused with dismissal for lack of subject matter jurisdiction. *See, e.g.*, Jonathan L. Entin, Insubstantial Questions and Federal Jurisdiction: A Footnote to the Term-Limits Debate, 2 Nev. L.J. 608, 629 (2002); *see also Hicks v. Miranda*, 422 U.S. 332, 344-45 (1975) (holding that dismissal for want of a substantial federal question is a determination "on the merits" that lower courts "are not free to disregard").

[8] Sheila states that "the Seventh Circuit concluded that the Indiana guest statute . . . violated the Fourteenth Amendment . . . ." Appellant's Br. at 14. This is obviously incorrect.

*B. Article 1, Section 12*

[14]     Similarly, the Indiana Supreme Court has rejected a challenge to the previous version of Indiana's Guest Statute under Article 1, Section 12, the open courts provision of the Indiana Constitution.  In an opinion on a certified question in the same *Sidle* case then before the Seventh Circuit, our supreme court stated:

> We are drawn to *Gallegher v. Davis et al.*, (1936), Del. Super., 7 W.W. Harr. 380, 183 A. 620, as a logical disposition of the [Art. 1, § 12] arguments.  In that case, the court was concerned with a constitutional provision almost identical to our own.  And a guest statute containing the saving provision, ["]unless such accidents shall have been intentional on the part of such owner or operator or caused by his wilful [sic] or wanton disregard of the rights of others.["]  . . . The following quotations from the *Gallegher* case are expressive of our viewpoint of the restraints imposed by our constitutional Article 1, § 12.
>
>> Generally, we think, the provision is inserted in Constitutions to secure the citizen against unreasonable and arbitrary deprivation of rights whether relating to life, liberty, property, or fundamental rights of action relating to person or property; and that it applies as well to the judicial branch of government, as to the legislative and executive branches.  It embraces the principle of natural justice that in a free government every man should have an adequate legal remedy for injury done him by another.
>>
>> The inquiry, in every case, must be directed to the nature of the right alleged to have been infringed upon.  Undoubtedly, arbitrary and unreasonable abolishment of a right of action to redress injury to the essential rights of person or property is

prohibited. Certainly, the legislature may not declare to be right that which is essentially wrong, nor say that which is a definite, substantial injury to fundamental rights to be no injury, nor abolish a remedy given by the common law to essential rights without affording another remedy substantially adequate. But no one has a vested interest in any rule of the common law. Rights of property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, within constitutional limits, may be changed at the will of the legislature. The great office of statutes is to remedy defects in the common law as they develop, and to adopt it to the change of time and circumstance. Negligence is merely the disregard of some duty imposed by law; and the nature and extent of the duty may be modified by legislation, with a corresponding change in the test of negligence . . . .

* * *

We cannot say that existing conditions did not present a manifest evil affecting the general welfare and public morals necessitating the imposition of a degree of restraint upon a certain class of suitors, nor can we say that the means adopted by the legislature do not bear a reasonable relation to the end sought to be accomplished.

The provision of the Constitution does not, either expressly or by necessary implication, forbid the legislature to measure the degree of care to be accorded by an owner or operator of an automobile to a gratuitous passenger; for it does not constitute the common law a straight jacket about the legislature body rendering it powerless reasonably to

> regulate social relations in accordance with
> changing conditions. 183 A. 624-26.

*Sidle v. Majors*, 264 Ind. 206, 221-24, 341 N.E.2d 763, 773-75 (1976) (citations, footnote, and quotation marks omitted) (some omissions original). The court then held that "[t]he Indiana guest statute . . . does not contravene . . . [Section] 12 . . . of Article 1 of the Constitution of Indiana." *Id.* at 775. Accordingly, we reject Sheila's argument under Article 1, Section 12.

### C. Article 1, Section 23

[15] We next turn to Sheila's argument that Indiana's Guest Statute, as currently written, violates her right under the Indiana Constitution to equal privileges and immunities. For background, we again turn to the Indiana Supreme Court's opinion in *Sidle*, which addressed an Article 1, Section 23 argument against the previous version of the Guest Statute as follows:

> Both this Court and the United States Supreme Court have upheld the right of states to abolish or modify the common law. . . .
>
> Within the context of these cases, at least, *we see no differences in the equal protection provisions of the state and federal constitutions.* Both are designed to prevent the distribution of extraordinary benefits or burdens to any group. However, the power to establish legislative classifications of persons has not been categorically denied but only severely limited. Rather, our courts have required only that such classifications meet certain tests. If neither a fundamental right nor a suspect classification is involved, the standard of review is that the classification not be arbitrary or unreasonable[,] *Dandridge v. Williams*, (1970) 397

U.S. 471, 90 S. Ct. 1153, 25 L. Ed. 2d 491, and that a ["]fair and substantial["] relationship exist between the classification and the purpose of the legislation creating it[,] *Johnson v. Robison*, (1974) 415 U.S. 361, 94 S. Ct. 1160, 39 L. Ed. 2d 389 . . . .

Our guest statute precludes a guest passenger from recovering damages for personal injuries sustained merely by the negligence of the owner or operator. Being inoperative as to passengers who were not guests, the statute creates two classifications of passengers—guests and non-guests, who are treated vastly differently under circumstances that are otherwise identical. The inequity is patent. The issues are whether or not the classification is reasonable and bears a fair and substantial relation to the legitimate purpose of the statute. The presumptions are that it is and does, and the burden is upon the plaintiff to show the contrary.

* * *

*Purposes traditionally attributed to such statutes have been the fostering of hospitality by insulating generous drivers from lawsuits instituted by ungrateful guests and the elimination of [the] possibility of collusive lawsuits*. . . .

341 N.E.2d at 767-68 (emphases added; some citations omitted). The Indiana Supreme Court agreed with those rationales for Indiana's Guest Statute and, as such, concluded that the statute did not violate Article 1, Section 23. *Id.* at 775.

[16]    While Sheila does not address *Collins v. Day*, 644 N.E.2d 72, 75 (Ind. 1994), in that case our supreme court abrogated its *Sidle* opinion insofar as it had conflated the analyses under Article 1, Section 23 and the Fourteenth Amendment. As the court stated in *Collins*: "there is no settled body of Indiana law that compels application of a federal equal protection analytical

methodology to claims alleging special privileges or immunities under Indiana Section 23." *Id.* Rather, "Section 23 should be given independent interpretation and application." *Id.* The *Collins* court then concluded:

> Article 1, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.* at 80.

[17] Applying the proper analytical framework under *Collins* does not yield a result different from the one reached by the Indiana Supreme Court in *Sidle*. The current Guest Statute, as applied here, distinguishes close family members of the motor vehicle operator from all other guests in or upon the vehicle. *See* I.C. § 34-30-11-1. The statute then prohibits the motor vehicle operator from being held liable for loss or damage arising from injuries to or the death of those close family members as a result of ordinary negligence by the motor vehicle operator in the operation of the vehicle. *See id.*

[18] Giving this legislative classification the substantial deference that we must, *Collins*, 644 N.E.2d at 80, we conclude that the classification easily passes the test of Article 1, Section 23. As noted by our supreme court in *Sidle*, one of the

policies underlying the Guest Statue is to preempt potentially collusive lawsuits. 341 N.E.2d at 768. The disparate treatment the Guest Statute creates for close family members of the motor vehicle operator is reasonably related to the inherent differences between the distinguished classes; that is, it is reasonable for our legislature to suppose that close family members of a motor vehicle operator are more likely to engage in collusive lawsuits than persons more attenuated in their relationships to the motor vehicle operator. And this treatment is uniformly applicable and equally available to all persons similarly situated. As such, under *Collins*, Indiana's Guest Statute does not violate Article 1, Section 23 of the Indiana Constitution.

### D. Sheila's Remaining Arguments

[19] Finally, we address Sheila's two remaining arguments, in which she attempts to avoid both *Sidle* opinions altogether by suggesting that subsequent events render those opinions no longer good law (aside from *Collins v. Day*, which, again Sheila does not argue on appeal). First, Sheila asserts that "[t]he Indiana Legislature in 1998 repealed the 'guest' statute." Appellant's Br. at 14. But that did not happen. In 1998 the General Assembly recodified the statute and amended it. *See* P.L. 1-1998 § 26. As amended, the statute no longer applies broadly to all "guests" of a driver but narrowly only to hitchhikers and the driver's close family members. *See* I.C. § 34-30-11-1. Sheila presents no cogent reasoning to support her assertion that a more narrowly tailored classification is less valid than the previous, broad classification. *See* Ind. Appellate Rule 46(A)(8)(a). As such, we reject this attempt to distinguish the *Sidle* opinions.

[20] Second, Sheila contends that the Indiana Supreme Court disavowed its *Sidle* opinion in *Clark v. Clark*, 971 N.E.2d 58, 61 n.1 (Ind. 2012). But, in *Clark*, our supreme court discussed *Sidle* as follows:

> The plaintiffs do not assert, and thus we do not address, any claim that the [current version of the] statute violates Article 1, Section 12 of the Indiana Constitution, which declares in part that "every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." Such a claim was previously presented and rejected with respect to a former version of the Guest Statute in *Sidle v. Majors*, 264 Ind. 206, 341 N.E.2d 763 (1976). While not reanalyzing this constitutional issue in the present case, we take this opportunity to disapprove certain unfortunate language in *Sidle* which we find to undermine and misstate well-established important values and principles of Indiana and American jurisprudence. The *Sidle* opinion speculated with approval that "a very likely legislative policy" [for the statutory classification] may have been "protection against the 'benevolent thumb syndrome'" and "the 'Robin Hood' proclivity of juries." *Id.* at 218-20, 341 N.E.2d at 771-72. Such language improperly mischaracterizes the conscientious, insightful, and reliable efforts of those who serve as jurors. It has no proper place in our jurisprudence.

*Id.*[9] While *Clark* criticized part of the rationale in *Sidle*, it did not overrule *Sidle*'s holding under Article 1, Section 12, and it is not this court's place to ignore those parts of *Sidle* that remain good law. *See Horn v. Hendrickson*, 824

---

[9] While the *Clark* footnote is framed in the context of Article 1, Section 12, the language criticized is with respect to the *Sidle* court's analysis of Article 1, Section 23. *See Sidle*, 341 N.E.2d at 767-68, 771-72. As explained above, that analysis was abrogated by *Collins*, 644 N.E.2d at 75.

N.E.2d 690, 695 (Ind. Ct. App. 2005). Accordingly, we reject Sheila's remaining arguments.

## *Conclusion*

In sum, under the plain text of Indiana's Guest Statute, Mary is not liable to Sheila for the injuries Sheila incurred as a result of an automobile accident in which she was a guest in Mary's vehicle. Further, under controlling law the Guest Statute does not violate either the Fourteenth Amendment to the United States Constitution or Article 1, Section 12 of the Indiana Constitution. And we hold that the Guest Statute does not violate Article 1, Section 23 of the Indiana Constitution. As such, State Farm was entitled to summary judgment on its declaratory judgment action, and we affirm the trial court.

Affirmed.

Kirsch, J., and Barnes, J., concur.