FILED

May 31 2018, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Ruth Ann Johnson
Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

John W. Anthony,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 31, 2018

Court of Appeals Case No.
49A02-1712-CR-2859

Appeal from the Marion Superior
Court

The Honorable Marcel A. Pratt,
Judge

Trial Court Cause No.
49G13-1707-IF-35689

**May, Judge.**

[1]     John W. Anthony appeals the trial court's determination he violated Indiana Code section 9-19-19-3, which prohibits driving "with a sign, poster, sunscreening material, or other nontransparent material upon the front windshield, side wings, or side or rear windows of the vehicle that obstructs the

driver's clear view of the highway or an intersecting highway." As the State did not present any evidence to prove Anthony violated that statute, we reverse.

## Facts and Procedural History

[2] On July 25, 2017, Indianapolis Metropolitan Police Department Officer Kenneth Greer observed a car being driven by Anthony. The car "had plastic bags of trash, canned foods, clothes, piled from the bottom of [its] floor to the ceiling . . . on the dashboard and along the side windows and rear windows." (Tr. Vol. II at 6.) After looking around the car and being able to see in only the driver's window, Officer Greer issued a citation to Anthony for violation of Indiana Code section 9-19-19-3.

[3] On November 13, 2017, at a bench trial, Anthony represented himself and denied violating the statute. Throughout his testimony Anthony repeatedly noted the statute prohibits "nontransparent material *upon* the" windows, Ind. Code § 9-19-19-3 (emphasis added), and argued he "didn't have nothing on the windshield. [He] didn't have nothing on the side windows. [He] did have items in the automobile."[1] (Tr. at 13) (errors in original).

---

[1] Anthony submitted a picture of his vehicle as Defendant's Exhibit A. An affidavit from the court reporter indicates the Exhibit was admitted but could not be located when the Exhibit volume was being prepared for appeal.

[4]     The State, during its cross-examination of Anthony, told Anthony he was not understanding the statute correctly. The following exchange occurred:

> [State:]     A person may not drive a motor vehicle with a sign, poster or non-transparent material, that's debris, on the front windshield, side windows, rear window of the vehicle, obstructs the driver's clear view of the highway or intersection highway. You read this?
>
> [Anthony:]   It says nothing on the windshield. I don't have nothing on the windows.
>
> [State:]     I don't believe you understand what I'm saying, sir.
>
> [Anthony:]   I understand what you're saying. I understand what I'm reading too.
>
> [State:]     So you do understand that non-transparent materials is not a decal? That's not a sticker. It's any non-transparent material, do you understand?
>
> [Anthony:]   Yeah, it's not on the windows. It's in the vehicle.
>
> [State:]     That's correct and as you can see here, it actually says that you cannot have those things inside your vehicle to obstruct your view of the highway.

(*Id*. at 17.) The trial court found Anthony had committed the violation and assessed a fine. Anthony paid the fine and filed this appeal.

# Discussion and Decision

## Statutory Interpretation

[5] Anthony was cited for violating Indiana Code section 9-19-19-3, which provides:

> (b) A person may not drive a motor vehicle with a sign, poster, sunscreening material, or other nontransparent material upon the front windshield, side wings, or side or rear windows of the vehicle that obstructs the driver's clear view of the highway or an intersecting highway. However, signs, posters, or other nontransparent material not larger than four (4) inches square may be placed upon the front windshield, side wings, or side or rear windows in the lower corner farthest removed from the driver's position.

[6] Anthony asserts the "State presented no evidence of any nontransparent materials upon [his] windshield or windows[.]" (Appellant's Br. at 7) (formatting changed). Although Anthony concedes his car had items stacked to the ceiling, he argues the statute requires the items to be *upon* the windows and they were not. The State argues the legislature's intent was to prevent drivers having their view obstructed by items blocking the windows. Further, it argues the word "upon" should be construed broadly and not just mean "affixed" because the legislature uses that word in other statutes and would have used it here if it meant the nontransparent material only applied to items affixed to the windows. (Appellee's Br. at 7-8.) The crux of the parties' arguments, and thus our review, focuses on the meaning of the word "upon."

[7] When faced with a question of statutory interpretation, our review is *de novo*. *In re M.W.*, 913 N.E.2d 784, 786 (Ind. Ct. App. 2009). We first decide if the

statute is ambiguous. *Id.* If not, we need not and do not interpret it, but instead apply its plain and clear meaning. *Id.* If the statute is susceptible to more than one reasonable interpretation, it is ambiguous, and we must determine the legislature's intent so that we can give effect to that intent. *Maroney v. State*, 849 N.E.2d 745, 748 (Ind. Ct. App. 2006). Statutes must be read in harmony with related statutes. *St. Margaret Mercy Healthcare Ctrs., Inc. v. Poland,* 828 N.E.2d 396, 402 (Ind. Ct. App. 2005), *trans. denied.* We assume the legislature intended statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. *B.K.C. v. State*, 781 N.E.2d 1157, 1167 (Ind. Ct. App. 2003).

[8] "Upon" was defined in *Clark v. Clark*, 971 N.E.2d 58 (Ind. 2012), a case that interpreted Indiana's Guest Statute.[2] Our Indiana Supreme Court held:

> The word "upon," both at the time it was originally added to the Guest Statute, *see* Act of Mar. 11, 1937, ch. 259, § 1, 1937 Ind. Acts 1229, and when the statute was most recently amended, *see* Pub.L. 68-1984, 1984 Ind. Acts 925, should be given its literal meaning: "[u]p and on" or simply "on." *The New Century Dictionary* 2112 (1929); *American Heritage Dictionary* 1328 (2d college ed. 1985). Being "in or upon the motor vehicle" thus connotes a physical connection to or contact with the vehicle, such as being "in" a car or "upon" a motorcycle or truck bed. . . . Thus, if the injury is sustained at a time when a passenger is in mere physical contact with the motor vehicle but standing

---

[2] Indiana's Guest Statute provides one is not responsible for damages "arising from injuries to or death of [certain family members or hitchhikers] resulting from the operation of a motor vehicle while [those persons were] being transported . . . in or upon the motor vehicle[.]" Ind. Code § 34-30-11-1.

> outside of or off of it or at a time when the passenger is not being "transported" by the vehicle, then the Indiana Guest Statute does not bar a passenger's damage action against the driver.

*Id.* at 62 (footnotes omitted).

[9] The plain meaning of the word "upon" has not changed. Simply, it means "on." https://www.merriam-webster.com/dictionary/upon (last visited May 2, 2018). The definition of the word "on" is "a function word to indicate position in contact with and support by the top surface of[.]" https://www.merriam-webster.com/dictionary/on (last visited May 2, 2018). The word "on" (and thus, the word "upon") does not merely mean "near" but rather "fixed" to or in some way resting atop or dependent on. The word "upon" in this statute is not ambiguous. It clearly means the listed items are not allowed to be affixed to the windows.

[10] The State argues the statute should be construed broadly to include the circumstances at issue herein. However, the legislature has already seen fit to prohibit the operation of a vehicle when the driver's view of the roadway is obstructed by materials loaded in the vehicle. Indiana Code section 9-21-8-43 provides: "A person may not drive a vehicle when [it] is loaded in a manner . . . so as to obstruct the view of the person who drives the vehicle to the front or sides of the vehicle." Because the legislature has already provided a means to punish citizens who drive vehicles loaded in a manner that obstructs the driver's view, we need not interpret Indiana Code section 9-19-19-3 so broadly that "on" means more than its plain and ordinary meaning. *See House of Prayer*

*Ministries, Inc. v. Rush Cty. Bd. of Zoning Appeals*, 91 N.E.3d 1053, 1063-64 (Ind. Ct. App. 2018) (if the language of the statute is plain, the "judiciary has no discretion to substitute different language for that of the statute[;]" however, even if the language is ambiguous, the judiciary "would be obliged to avoid interpreting it" in a way that would lead to an absurd result).

### *Sufficiency of the Evidence*

[11] "[T]raffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a preponderance of the evidence." *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied.* When reviewing a challenge to the sufficiency of the evidence, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned. *Rosenbaum*, 930 N.E.2d at 74.

[12] While there seems to be little doubt Anthony's vehicle was full of items that obstructed his view, those items were not affixed to the windows or dependent on the windows for their support. Rather, the items in Anthony's car were resting on the floors, the seats, and the dashboard. By all accounts, his operation of the vehicle raised safety concerns because his view was obstructed.

However, Indiana Code section 9-19-19-3 does not prohibit an "obstructed view," generally. It prohibits placement of "material upon . . . windows . . . that obstructs the driver's clear view." Ind. Code § 9-19-19-3. The State did not present such evidence. Accordingly, we reverse. *See Atteberry v. State*, 911 N.E.2d 601, 611 (Ind. Ct. App. 2009) ("State's failure to properly charge . . . is no mere technicality . . . the State must prove the elements of the crime it charged, not the elements of some other crime the defendant may have committed.").

[13] Reversed.

Riley, J., and Mathias, J., concur.