## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 23 2020, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Shane E. Peek
Roswell, Georgia

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shane E. Peek,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 23, 2020

Court of Appeals Case No.
20A-IF-247

Appeal from the
Allen Superior Court

The Honorable
Wendy W. Davis, Judge
The Honorable
Jason C. Custer, Magistrate

Trial Court Cause No.
02D05-1905-IF-8125

**Kirsch, Judge.**

[1] Shane E. Peek ("Peek") was found to have committed the infraction of unlawfully driving his semi-truck in a prohibited lane[1] after a bench trial. He appeals and raises the following restated issue for our review: whether sufficient evidence was presented to support the infraction judgment.

[2] We affirm.

## Facts and Procedural History

[3] At approximately 7:30 a.m. on May 24, 2019, Indiana State Police Trooper Justin Snyder ("Trooper Snyder") was working traffic control and was driving southbound in the middle lane on Interstate 69 ("I-69") in Allen County near mile marker 312. *Tr.* at 4-5. That portion of I-69 has three lanes of traffic traveling in each direction. *Id.* at 6, 8. Approximately one-half to three-quarters of a mile ahead of Trooper Snyder was a construction zone in which the left lane of the three-lane interstate was closed. *Id.* at 4-5, 6. As Trooper Snyder drove in the middle lane, he looked in his rear-view mirror and observed a semi-truck, driven by Peek, move into the soon-to-be-closed left lane and pass the line of traffic. *Id.* at 4-5. Trooper Snyder knew that commercial motor vehicles were not allowed to drive in the far-left lane, and he testified that "the left lane is for vehicle traffic only. There's no commercial motor vehicles that are supposed to be traveling in that lane." *Id.* at 5. Trooper Snyder also testified that there were signs alerting drivers to this restriction posted "through

---

[1] *See* Ind. Code § 9-21-8-13.

out [sic]" I-69. *Id.* at 8. After Peek's truck passed Trooper Snyder's patrol vehicle, Trooper Snyder initiated a traffic stop for the traveling in a restricted lane infraction he had observed. *Id.* at 5.

[4] Trooper Snyder issued Peek a citation for violating Indiana Code section 9-21-8-13, which prohibits a person driving a semi-truck from traveling in any lanes other than the two far right lanes when there are three lanes or more. *Appellant's App.* at 6-7.[2] A bench trial was held on December 6, 2019, at which Peek was represented by counsel. *Tr.* at 2; *Appellant's App.* at 5. At the bench trial, Peek testified that he entered the left lane to avoid an accident in the middle lane. *Tr.* at 14-15. Trooper Snyder testified that both before he had observed Peek drive in the left lane and afterwards, he never saw an accident that had occurred in the portion of I-69 between mile marker 312 and where the traffic stop was conducted. *Id.* at 6, 10, 11, 12. At the conclusion of the bench trial, the trial court found that Peek had committed the alleged infraction. *Appellant's App.* at 5. Peek now appeals.

## Discussion and Decision

[5] "'[T]raffic infractions are civil, rather than criminal, in nature and the State must prove the commission of the infraction by only a preponderance of the evidence.'" *Anthony v. State*, 103 N.E.3d 696, 700 (Ind. Ct. App. 2018) (quoting

---

[2] Peek's appendix is not paginated. All citations to the appendix correspond with the PDF file's pagination.

*Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied*). When reviewing a challenge to the sufficiency of the evidence, we will consider only probative evidence in the light most favorable to the trial court's judgment and all reasonable inferences therefrom. *Id*. We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Rosenbaum*, 930 N.E.2d at 74. If there is substantial evidence of probative value supporting the trial court's judgment, it will not be overturned. *Id*.

[6]     Peek argues that insufficient evidence was presented to support his infraction judgment.[3] The trial court found that he violated Indiana Code section 9-21-8-13, which provides:

> Except when entering or leaving a highway or where a special hazard exists that requires, for safety reasons, the use of an alternate lane, a person may not operate a truck, truck tractor, road tractor, semitrailer, or pole trailer on an interstate highway

---

[3] Peek also seems to argue that the trial court abused its discretion in not allowing him to admit an exhibit consisting of a citation given to another truck driver with whom he was traveling on the highway. However, this exhibit was never offered for admission into evidence, and the trial court never made any ruling regarding it. *Tr.* at 9-10. Additionally, Peek appears to argues that the trial court abused its discretion when it did not allow him to admit an exhibit consisting of a DVD that he made the morning of the trial that depicted the area of I-69 and that he had not previously provided to the State. *Id*. at 17-18. However, Peek does not support this argument with any citation to legal authority in his appellant's brief and has therefore waived this argument. *See Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) ("A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review."). We note that Peek did cite to some legal authority in his reply brief, but "[t]he law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived." *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005). It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935, 938 (Ind. Ct. App. 2016), *trans. denied*. This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id*.

consisting of at least three (3) lanes in one (1) direction in any lane other than the two (2) far right lanes.

Ind. Code § 9-21-8-13. Peek does not dispute that he was driving a vehicle covered by this statute in a prohibited lane. Instead, he asserts that he was doing so because he was required to move to the left lane for safety reasons and also contends that his infraction should be excused because he alleges that there were no signs visible to alert him of the lane restriction. *Appellant's Br.* at 10-17.

[7] The evidence most favorable to the judgment showed that Peek drove his semi-truck in the left lane, which he was prohibited from doing. Although he maintains that he was required to do so to avoid an accident that had occurred in the middle lane in front of him, this assertion was rebutted by Trooper Snyder's testimony. Trooper Snyder, who was traveling in front of Peek in the middle lane, testified multiple times that he did not observe an accident on that portion of I-69 that would have necessitated Peek changing lanes. *Tr.* at 6, 10, 11, 12. Presumably, had there been an accident in the middle lane that required a lane change, Trooper Snyder would have seen the hazard that Peek claims to have existed. Additionally, as the trial court stated in ruling that there was not a necessity defense to the infraction, Peek testified that he was able to stop his vehicle before this crash to the extent that there was a crash because he saw hazard lights in front of him. *Id.* at 15. Although Peek stated that he did not stop in the middle lane because he was concerned about the vehicles behind him, there was no testimony or any evidence regarding anyone tailgating him or how close the vehicles behind him were. *Id.* Therefore, no testimony, other

than Peek's own, showed that there was an accident or a requirement to move into the left lane. Peek's request to credit his testimony over Trooper Snyder's testimony is merely a request to reweigh the evidence in his favor, which is prohibited under the standard of review. *Rosenbaum*, 930 N.E.2d at 74. Sufficient evidence was presented to prove that no safety reason existed that required Peek to unlawfully change lanes.

[8] As for Peek's argument regarding the alleged lack of signs alerting him to the lane restrictions, he has provided no authority that a person cannot be held liable for an infraction offense merely because there was no sign informing drivers not to commit the offense. Further, his contention that there were no signs alerting him about the lane restriction is refuted by the record. Trooper Snyder testified that there were signs telling semi-truck drivers not to travel in the left lane "through out [sic]" the portion of I-69 where the traffic stop occurred. *Tr.* at 8. Peek seems to contend that in order to be found to violate the statute signs were required to be placed between where he entered I-69 and when he made the lane change. However, this claim ignores that Trooper Snyder testified that there were signs along I-69 alerting drivers of the lane restriction, and Peek has cited no authority to support his assertion. We conclude that sufficient evidence was presented to support the infraction judgment.

[9] Affirmed.

Bradford, C.J., and May, J., concur.